# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SONJA GULLIKSEN,**

     **Plaintiff,**

**-vs-**              **Case No.  6:08-cv-67-Orl-31KRS**

**FLORIDA PRODUCTION
ENGINEERING, INC., CAROL PARRAY,
and JOHN WARNE,**

     **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On June 4, 2008, the parties reached a settlement of this case after a settlement conference conducted by the undersigned.  The terms of the settlement agreement were memorialized in a written agreement signed by each party.

Some of the settled causes of action arose under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that causes of action for wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  *Id.* at 1353.

Having been the settlement judge, I am fully aware of the legal and factual dispute regarding the portion of the causes of action arising under the FLSA and the terms of the settlement agreement.

I find that the settlement arose from a bona fide dispute whether, among other things, Plaintiff was exempt from FLSA coverage because she held an administrative position, and that the amount Plaintiff will receive is a fair and reasonable settlement of her FLSA causes of action.[1] The settlement agreement resolved all of the pending causes of action as to all defendants. Counsel for the parties will file a joint motion for dismissal of the case. I recommend that the Court find that the settlement was fair and dismiss the case pursuant to the parties' joint motion. I further recommend that the Court not retain jurisdiction to enforce the settlement agreement because the agreement has not been filed with the Court. After a dismissal order is entered, I recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 4, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Should the Court wish to know the specifics of the settlement, I can provide that information *in camera*.